# Obney *v.* Obney, Appellant (No. 2).

*Equity—Equity practice—Findings of fact—Review.*

Findings of fact by the court below in an equity proceeding that an assignment of an interest in an estate was procured by fraud, will not be set aside where there is sufficient testimony to support the finding and no clear error is shown.

*Equity—Fraud—Misrepresentation—Assignment of interest in an estate.*

Where an assignment of an interest in an estate has been procured by fraudulent representations, it is not necessary that the assignment should have been made immediately after the representations in order to entitle the injured party to relief. If, without further information upon the subject and relying on the proof of the representations which were actually false, the owner assigned his interest for a grossly inadequate consideration, he is entitled to a decree in his favor.

Argued May 9, 1904. Appeal, No. 38, April T., 1904, by defendants, from decree of C. P. Beaver Co., June T., 1902, No. 5, on bill in equity in case of William Obney v. Santford Obney et al. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity to cancel the assignment of an interest in a mortgage.

The facts appear by the report of Obney v. Obney (No. 1), ante, p. 116, and by the opinion of the Superior Court.

*Error assigned* was the decree of the court ordering cancelation of the assignment.

*A. P. Marshall,* with him *J. H. Cunningham,* for appellants.

*W. S. Moore,* for appellee.

OPINION BY HENDERSON, J., July 28, 1904:

This case was tried in the court below with the same evidence as the case of Thompson Obney v. the same defendants in which an opinion is now filed, ante, p. 116, and what was said in that case need not be here repeated. The complaint is that the defendant Santford Obney fraudulently obtained from the plaintiff an assignment of his interest in the mortgages described in the bill.

It is contended, however, that no representations were made to the plaintiff at the time he executed the assignment of the mortgages and that his case differs from the other for that reason. It appears, from the testimony, that at the time Santford Obney went to Alliance, Ohio, and obtained an assignment from Thompson Obney of his interest in the mortgage, the plaintiff declined to assign his share for the reason that the consideration was not sufficient. There was, however, some discussion of the subject between the plaintiff and Santford Obney and at that time it is shown by the strong preponderance of evidence that Santford Obney made fraudulent representations in regard to the state of the health of Nancy Obney.

About four weeks, however, after Santford Obney returned to his home in Pennsylvania, the plaintiff wrote a letter to him in which he stated:

"I have concluded to sell my interest at the same figures Thompson did. If you want it you can write and let me know what to do, as soon as you can." Upon the receipt of this letter Santford Obney went to the home of the plaintiff in Ohio and procured from him an assignment of his interest in the mortgage for a consideration of $200. It appears from this evidence that the negotiations which commenced the latter part of May, when Santford Obney obtained the assignment of Thompson Obney, were taken up by means of the letter of June 20, 1899, and the representations made to William Obney in May, and repeated to the plaintiff in June, were connected with and induced the assignment. The learned court below has found that the assignment was made on the representation and inducement fraudulently made by Santford Obney that Nancy Obney was hale and hearty and likely to outlive them. This representation is established by the finding of the court upon sufficient evidence. It is not necessary that the assignment should have been made immediately after the representation in order to entitle the plaintiff to relief. If, without further information upon the subject and relying on the truth of the representations which were actually false, the plaintiff assigned his interest for a grossly inadequate consideration, he is entitled to a decree in his favor.

The appeal is therefore dismissed and the decree affirmed.